IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ILLUMINA, INC.,

        Plaintiff,

   v.

ARIOSA DIAGNOSTICS, INC.,

        Defendant.

   /

No. C 14-01921 SI

**ORDER GRANTING DEFENDANT'S MOTION TO SEAL**

On June 11, 2014, defendant Ariosa Diagnostics, Inc. ("Ariosa") filed a first amended answer and counterclaims. Docket No. 26-3. On June 11, 2014, Ariosa also filed a motion to seal portions of its first amended answer and counterclaims. Docket No. 26. On June 16, 2014, Illumina filed the declaration of Derek C. Walter in support of sealing portions of the first amended answer and counterclaims. Docket No. 28.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive

motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. N.D. Cal. Civil Local Rule 79-5(b).

"The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 U.S. Dist. LEXIS 138910, at *10-11 (N.D. Cal. Sept. 25, 2013) (collecting cases). Therefore, Illumina bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79.

In the supporting declaration, Illumina seeks to seal paragraph 19, lines 19-22, lines 24-27; paragraph 20; paragraph 21, lines 12-16; paragraph 25, lines 19-22; paragraph 26; paragraph 27, lines 10-12; paragraph 35, lines 8-9; paragraph 49, lines 14-17; and paragraph 53, lines 24-25. Docket No. 28, Walter Decl. ¶¶ 5-7. Illumina explains that these portions of the first amended answer and counterclaims relate to an agreement between Ariosa and Illumina and include specifics regarding the terms of the agreement. *Id.* ¶ 1. The agreement contains a confidentiality provision stating that the agreement, including its terms and conditions, is confidential. *Id.* ¶ 2; Docket No. 26-1, Gindler Decl. ¶ 3. Illumina explains that portions of the first amended answer and counterclaims at issue disclose information regarding (1) the details of the structure of the agreement; (2) intellectual property and Ariosa's obligations with regard to the intellectual property; and (3) the scope and dollar amount of some of the purchases under the agreement. Docket No. 28, Walter Decl. ¶¶ 5-7. Illumina argues that public disclosure of this information could cause it competitive harm because it could be misused by potential customers and/or competitors in negotiations with Illumina or other suppliers. *Id.* After reviewing the declaration and the portions of the first amended answer and counterclaims at issue, the Court concludes that Illumina has sufficiently articulated compelling reasons for sealing the requested portions.

In addition, Illumina's request to seal these portions of the first amended answer and counterclaims is narrowly tailored because it seeks to redact only the sealable information from the pleading. Accordingly, the Court GRANTS defendant's motion to seal. Docket No. 26.

The Court notes that the redacted version of the first amended answer and counterclaims that Ariosa publicly filed on June 11, 2014 contains different redactions from those sought by Illumina in its supporting declaration. Docket No. 26-4. Therefore, the Court STRIKES Docket No. 26-4 from the public docket and ORDERS Ariosa to file a new redacted version of its first amended answer and counterclaims, redacting the portions that have been designated as sealable in this order, within seven days from the date this order is filed.

**IT IS SO ORDERED.**

Dated: June 23, 2014

SUSAN ILLSTON
United States District Judge