IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARIOSA DIAGNOSTICS, INC., <br><br> Defendant. | No. C 14-01921 SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO SEAL** |

On June 11, 2014, defendant Ariosa Diagnostics, Inc. ("Ariosa") filed a first amended answer and counterclaims. Docket No. 26-3. On June 23, 2014, the Court granted Ariosa's motion to seal portions of the first amended answer and counterclaims, specifically paragraph 19, lines 19-22, lines 24-27; paragraph 20; paragraph 21, lines 12-16; paragraph 25, lines 19-22; paragraph 26; paragraph 27, lines 10-12; paragraph 35, lines 8-9; paragraph 49, lines 14-17; and paragraph 53, lines 24-25. Docket No. 39. By the present motion, plaintiff Illumina, Inc. ("Illumina") moves to seal the remainder of paragraph 25 of the first amended answer and counterclaims. Docket No. 30. In the motion, Illumina explains that it did not previously seek to seal paragraph 25 in its entirety due to an administrative error. *Id.*

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in

connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. N.D. Cal. Civil Local Rule 79-5(b).

"The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 U.S. Dist. LEXIS 138910, at *10-11 (N.D. Cal. Sept. 25, 2013) (collecting cases). Therefore, Illumina bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79.

In a supporting declaration, Illumina explains that paragraph 25 of the first amended answer and counterclaims relates to an agreement between Ariosa and Illumina and includes specifics regarding the terms of the agreement. Docket No. 30-1, Walter Decl. ¶ 1. The agreement contains a confidentiality provision stating that the agreement, including its terms and conditions, is confidential. Docket No. 26-1, Gindler Decl. ¶ 3. Illumina explains that paragraph 25 of the first amended answer and counterclaims discloses confidential information regarding intellectual property and Ariosa's obligations with regard to the intellectual property under the Supply Agreement. Docket No. 30-1, Walter Decl. ¶ 2. Illumina argues that public disclosure of this information could cause it competitive harm because it could be misused by potential customers and/or competitors in negotiations with Illumina or other suppliers. *Id.* After reviewing the declaration and paragraph 25, the Court concludes that Illumina has sufficiently articulated compelling reasons for sealing the requested paragraph.

In addition, Illumina's request to seal is narrowly tailored because it seeks to redact only the sealable information from the pleading, and Illumina has attached a properly redacted version of the first amended answer and counterclaims to its motion to seal. Accordingly, the Court GRANTS plaintiff's motion to seal. Docket No. 30.

**IT IS SO ORDERED.**

Dated: July 2, 2014

SUSAN ILLSTON
United States District Judge