IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., | No. C 14-01921 SI |
| Plaintiff, | **ORDER GRANTING THE PARTIES' MOTIONS TO SEAL** |
| v. | |
| ARIOSA DIAGNOSTICS, INC., | |
| Defendant. | |

On June 30, 2014, Illumina filed a motion to dismiss Ariosa's counterclaims and to strike defenses. Docket No. 31. On July 14, 2014, Ariosa filed an opposition to Illumina's motion. Docket No. 35-4. Along with its opposition, Ariosa filed a motion to file under seal portions of its opposition. Docket No. 35. On July 21, 2014, Illumina filed its reply in support of its motion. Docket No. 38-4. Along with its reply, Illumina filed a motion to seal portions of its reply brief and portions of exhibit 5 filed in support of the reply brief. Docket No. 38.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations

1 and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive 2 motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 3 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly 4 tailored," such that only sealable information is sought to be redacted from public access. N.D. Cal. 5 Civil Local Rule 79-5(b). Because a motion to dismiss is a dispositive motion, the "compelling reasons" 6 standard applies.

7 In its motion to seal, Ariosa moves to seal portions of its opposition. Docket No. 35. In its 8 motion to seal, Illumina moves to seal portions of its reply brief and portions of exhibit 5 to the 9 declaration of Derek Walter. Docket No. 38. In supporting declarations, Illumina explains that the 10 portions of Ariosa's opposition and the portions of Illumina's reply at issue relate to an agreement 11 between Ariosa and Illumina and include specifics regarding the terms of the agreement, and Exhibit 12 5 to the Walter declaration is a copy of the agreement. Docket No. 37, Walter Decl. ¶ 1; Docket No. 13 38-1, Walter Decl. ¶¶ 1-2. The agreement contains a confidentiality provision stating that the 14 agreement, including its terms and conditions, is confidential. Docket No. 37, Walter Decl. ¶ 1; Docket 15 No. 38-1, Walter Decl. ¶ 3. Illumina explains that the portions of the documents at issue disclose 16 confidential and sensitive information regarding the scope of covered goods , the scope of the field of 17 use, the scope of intellectually property rights granted, the scope of the parties' agreement to arbitrate 18 disputes, the parties' obligations, the parties' liabilities, pricing and/or fees, representations and 19 warranties by the parties, potential adjustments to the terms, regulatory approval protocols, restrictions 20 on either party, deadlines, or termination provisions under the agreement. Docket No. 37, Walter Decl. 21 ¶¶ 5-6; Docket No. 38-1, Walter Decl. ¶¶ 4-5. Illumina argues that public disclosure of this information 22 could cause it competitive harm because it could be misused by potential customers and/or competitors 23 in negotiations with Illumina or other suppliers. Docket No. 37, Walter Decl. ¶¶ 5-6; Docket No. 38-1, 24 Walter Decl. ¶ 6.

25 After reviewing the declarations and the relevant portions of the documents, the Court concludes 26 that Illumina has sufficiently articulated compelling reasons for sealing the requested portions of the 27 documents. In addition, the Court has previously found that this information is sealable under the 28 "compelling reasons" standard. Docket Nos. 29, 32. In addition, Illumina's requests to seal are

narrowly tailored because Illumina seeks to redact only the sealable information from the documents, and the parties have attached properly redacted versions of the documents to their motions to seal. Accordingly, the Court GRANTS the parties' motions to seal. Docket Nos. 35, 38.

**IT IS SO ORDERED.**

Dated: August 4, 2014

SUSAN ILLSTON
United States District Judge