United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., | No. C 14-01921 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO SEAL** |
| v. | |
| ARIOSA DIAGNOSTICS, INC., | |
| Defendant. | |

On September 2, 2014, defendant Ariosa Diagnostics, Inc. ("Ariosa") filed a second amended answer and counterclaims. Docket No. 54. On September 2, 2014, Ariosa also filed a motion to seal portions of its second amended answer and counterclaims. Docket No. 54. On September 2, 2014, Ariosa filed the declaration of Lauren N. Drake in support of sealing portions of the second amended answer and counterclaims. Docket No. 54. On September 8, 2014, Illumina, Inc. ("Illumina") filed an opposition to Ariosa's motion to seal. Docket No. 57. On September 9, 2014, Ariosa filed a letter which stated that it was not opposed to publicly filing certain portions of the second amended complaint that it had originally sought to seal in its motion. Docket No. 59.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling

1 reasons supported by specific factual findings that outweigh the general history of access and the public
2 policies favoring disclosure, such as the public interest in understanding the judicial process."
3 *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations
4 and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive
5 motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at
6 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly
7 tailored," such that only sealable information is sought to be redacted from public access. N.D. Cal.
8 Civil Local Rule 79-5(b).

9 "The Ninth Circuit has not explicitly stated the standard—good cause or compelling
10 reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the
11 compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google*
12 *Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 U.S. Dist. LEXIS 138910, at *10-11 (N.D. Cal. Sept.
13 25, 2013) (collecting cases). Therefore, Ariosa bears the burden of "articulating compelling reasons
14 supported by specific factual findings that outweigh the general history of access and the public policies
15 favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447
16 F.3d at 1178-79.

17 In the supporting declaration, Ariosa seeks to seal page 11, lines 1-5; page 11, lines 6-14; page
18 11, lines 21-25; page 13, lines 1-16; page 13, lines 20-22; page 15, lines 19-20; page 20, lines 8-11; and
19 page 21, lines 18-19[1] . Docket No. 54, Drake Decl. ¶ 5. Ariosa explains that these portions of the
20 second amended answer and counterclaims relate to an agreement between Ariosa and Illumina and
21 include specifics regarding the terms of the agreement. *Id.* The agreement contains a confidentiality
22 provision stating that the agreement, including its terms and conditions, is confidential. *Id.* The Court
23 has previously found this information to be sealable. *Id.*; Docket Nos. 29, 32. In finding the information
24 sealable, the Court relied on declarations by Illumina that (1) the information pertains to the details of
25 the structure of the agreement, (2) intellectual property and Ariosa's obligations with regard to the
26 intellectual property, (3) the scope and dollar amount of some of the purchases under the agreement; and

27

28  [1] Ariosa originally sought to seal other portions of the second amended complaint, but has since expressed a willingness to file them publicly. Docket No. 57.

2

that (4) public disclosure of this information could cause Illumina competitive harm because it could be misused by potential customers and/or competitors in negotiations with Illumina or other suppliers. Docket No. 28, Walter Decl. ¶¶ 5-7.  After reviewing the declarations and the portions of the second amended answer and counterclaims at issue, the Court concludes that Ariosa has sufficiently articulated compelling reasons for sealing the requested portions.

In addition, Ariosa's  request to seal these portions of the second amended answer and counterclaims is narrowly tailored because it seeks to redact only the sealable information from the pleading.  Accordingly, the Court GRANTS defendant's motion to seal.

## CONCLUSION

Ariosa's motion to seal is GRANTED as to the following portions: page 11, lines 1-5; page 11, lines 6-14; page 11, lines 21-25; page 13, lines 1-16; page 13, lines 20-22; page 15, lines 19-20; page 20, lines 8-11; and page 21, lines 18-19. This resolves Docket No. 54.

**IT IS SO ORDERED.**

Dated: September 17, 2014

SUSAN ILLSTON
United States District Judge